IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

**JASON JACO**, Individually,
and on behalf of others similarly
situated

    Plaintiff,

v.

**CARTHAGE OPCO LLC,**
a Tennessee Limited Liability Company
*d/b/a Smith County Health and Rehabilitation*,

    Defendants.

NO. _____

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

# COMPLAINT

Named Plaintiff Jason Jaco ("Plaintiff"), individually and on behalf of all other similarly situated kitchen-employees, brings this Fair Labor Standards Act ("FLSA") collective action against Carthage Opco LLC and shows as follows:

## I. INTRODUCTION

1. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated at a rate equal to at least one and one-half their regular hourly rate of pay for all hours worked over forty (40) per week.

3. Plaintiff also asserts an individual claim for a breach of contract or, in the alternative, quantum meruit.

## II. PARTIES

4. Defendant Carthage Opco LLC does business under the name Smith County Health and

Rehabilitation ("Defendant" or "SCHR"). It is a residential rehabilitation center. According to its website "Smith County boasts a dedicated rehabilitation unit where [its] therapists develop customized rehab plans to meet the needs of each individual resident. [It is] unique in that [it] employ[s] full-time physical and occupational therapists." https://smithcountyhealthandrehab.com/about-us/ (last visited September 27, 2022).

5. Defendant is a Tennessee limited liability company, with its principal address located at 400 Rella Blvd, Montebello, Suite 200, New York 10901-4239 According to the Tennessee Secretary of State, it may be served via its Registered Agent: Corporate Creations Network Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522

6. Plaintiff is employed by Defendant as a full-time hourly-paid kitchen-employee. Plaintiff's consent to join form is attached as *Exhibit A*.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant does business in this district and Plaintiff is employed by and works for Defendant in this district.

### IV. CLASS DESCRIPTION

9. Plaintiff brings this action under 29 U.S.C § 216 (b) on behalf of himself and the following similarly situated persons as a class:

> All individuals who worked for Defendant at least one week as a "full time" kitchen employee in any point during the three (3) years period preceding the filing of this Complaint ("the putative class").

### V. COVERAGE

10. Defendant is/was Plaintiff's and the putative class's "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Plaintiff and the putative class, as Defendant's employees, are/were engaged in commerce in the cope of their employment.

## VI. FACTS

13. Defendant operates Smith County Health and Rehabilitation, located in Carthage, Tennessee providing "short-term rehabilitation and long-term skilled nursing care in a calm and relaxing atmosphere." https://smithcountyhealthandrehab.com/ (last visited September 27, 2022).

14. Defendant has a kitchen department/dietary service in order to provide complete residential services.

15. Plaintiff and the putative class worked as full-time kitchen-employees.

16. Plaintiff and the putative class typically worked at or in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

17. However, Defendant failed to pay Plaintiff and the putative class at a rate equal to at least and one-half their regular hourly rate of pay for all hours worked over forty (40)

3

per week.

18. Defendant violated the FLSA by failing to pay all overtime wages in three (3) distinct ways.

19. First, Defendant failed to include non-discretionary bonuses and/or shift-differentials in the calculation of overtime rates of pay. These include a bonus for being "called in" or working on a designated "off-day" as well as a promise extra amount for working weekend shifts.

20. Second, Defendant willfully and intentionally edited Plaintiff's and the putative class's time/pay records to reflect that they worked less hours than they did, resulting in the underpayment of overtime wages.

21. Finally, Defendant automatically deducts a 30-minute meal period during each of Plaintiff and putative class member's shift, regardless of whether they worked during this time or not. Plaintiff and putative class members were often not fully relieved of their job duties and responsibilities and/or worked during such 30-minute meal periods, yet they were not compensated for this time.

22. Defendant was aware it was not compensating Plaintiff and putative class members with all the required FLSA overtime pay

23. Defendant's actions violated the FLSA, 29 U.S.C. § 207(a)(1).

24. Defendant's failure to pay all overtime wages was willful and made with reckless disregard to the FLSA overtime compensation requirements.

25. As a result, Plaintiff and putative class members are owed unpaid overtime compensation as well as other damages.

### VII. FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action on behalf of himself and the putative class

4

to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

27. These claims are unified by a common theory of Defendant's FLSA violations.

28. Plaintiff and class members are "similarly situated" as the term for purposes 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay scheme that resulted in a failure to pay Plaintiff and the putative class for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

29. This action is also proper as a collective action because Plaintiff and the putative class are similarly situated to the with respect to Defendant's time keeping, pay practices and, policies.

30. Plaintiff requests this Court to authorize notice to the members of the putative class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b).

31. The precise number of the putative class can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

32. Given the composition and size of the class, members of the putative class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facility.

## COUNT I
**(Breach Of Contract)**

33. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

34. Plaintiff asserts a breach of contract claim because Defendant entered in to a valid and enforceable wage contract with him pursuant to Tennessee law.

35. As specified above in Paragraph 19, Defendant agreed to pay non-discretionary bonuses and/or shift-differentials, including a bonus for being "called in" or working on a designated "off-day" as well as a promise extra amount for working weekend shifts.

36. However, Defendant breached its obligations under said contract by failing to pay the agreed-upon hourly compensation for all such "bonus" or "shift-differential" work.

37. In the alternative to the breach of contract claim, Plaintiff asserts a quantum meruit/unjust enrichment claim in that he provided valuable services to Defendant, that Defendant accepted and received those services, and that Defendant had reasonable notice that Plaintiff expected additional compensation for said services.

## COUNT II
### (Violation of the Fair Labor Standards Act)

38. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

39. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

40. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

41. Through its actions, plans, and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and the putative class at one and-one half times their regular hourly rates of pay for all hours worked in excess of forty (40) per week.

42. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

43. The FLSA claims of Plaintiff and the putative class are unified by a common theory of Defendant's FLSA violations.

44. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the putative class have suffered and will continue to suffer a loss of income and other damages.

45. Therefore, Defendant is liable to Plaintiff and the putative class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and those who opt-in all unpaid overtime compensation;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and those who opt-in liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and those who opt-in reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

j) An award of all contract damages owed to Plaintiff

k) Provide additional general and equitable relief to which Plaintiff and the putative class may be entitled; and

l) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues

Dated: September 29, 2022.              Respectfully Submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS***