**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**JASON JACO**, Individually,
and on behalf of others similarly
situated

Plaintiff,

v.

**NO. 2:22-cv-00045**

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

**NEXT LEVEL HOSPITALITY SERVICES, LLC**

Defendant.

## FIRST AMENDED COMPLAINT

Named Plaintiff Jason Jaco ("Plaintiff"), individually and on behalf of all other similarly situated, files this First Amended Complaint against Next Level Hospitality Services, LLC with Defendant Carthage Opco LLC's written consent pursuant to Fed. Riv. Civ. P. 15(a)(2). Plaintiff shows as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against Next Level Hospitality Services, LLC ("Defendant" or "Next Level") as collective action pursuant to 29 U.S.C. § 216(b).

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated at a rate equal to at least one and one-half their regular hourly rate of pay for all hours worked over forty (40) per week.

3. Plaintiff, individually, asserts a claim for retaliation against under 29 U.S.C. § 215 against Next Level Hospitality Services, LLC.

4. Plaintiff also asserts an individual claim for a breach of contract or, in the alternative,

quantum meruit.

## II. PARTIES

5. Defendant Next Level Hospitality Services, LLC is a Delaware Limited Liability Company with its principal address located at 100 Challenger Rd Ste 105 Ste 105, Ridgefield Park, New Jersey 07660-2121. According to the Tennessee Secretary of State, it may be served via its Registered Agent: VCorp Services, LLC, 300 Montvue Rd, Knoxville, Tennessee 37919-5546.

6. Plaintiff was employed by Defendant as a full-time hourly-paid culinary employee. Plaintiff's consent to join form is attached as *Exhibit A*.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant does business in this district and Plaintiff is employed by and works for Defendant in this district.

## IV. CLASS DESCRIPTION

9. Plaintiff brings this action under 29 U.S.C § 216 (b) on behalf of himself and the following similarly situated persons as a class:

> All individuals who worked for Next Level Hospitality Services, LLC at least one week as culinary, housekeeping, and/or linen services employee in any point during the three (3) years period preceding the filing of this Complaint ("the putative class").

## V. COVERAGE

10. Defendant was Plaintiff's and the putative class's "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Plaintiff and the putative class, as Defendant's employees, are/were engaged in commerce in the cope of their employment.

## VI. FACTS

13. Next Level provides culinary, housekeeping, and linen services to various clients across the nation.

14. Plaintiff and the putative class are "full time" hourly-paid culinary, housekeeping, and linen services employees of Next Level Hospitality Services, LLC.

15. One of Defendant's clients is Smith County Health and Rehabilitation in Carthage, Tennessee ("SCHR"). Plaintiff worked for Defendant at SCHR.

16. Plaintiff for Defendant in SCHR's kitchen department/dietary services department.

17. Plaintiff and the putative class typically worked at or in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

18. However, Defendant failed to pay Plaintiff and the putative class at a rate equal to at least and one-half their regular hourly rate of pay for all hours worked over forty (40) per week.

19. Defendant violated the FLSA by failing to pay all overtime wages in three (3) distinct

ways.

20. First, Defendant failed to include non-discretionary bonuses and/or shift-differentials in the calculation of overtime rates of pay. These include a bonus for being "called in" or working on a designated "off-day" as well as a promise extra amount for working weekend shifts.

21. Second, Defendant willfully and intentionally edited Plaintiff's and the putative class's time/pay records to reflect that they worked less hours than they did, resulting in the underpayment of overtime wages.

22. Finally, Defendant automatically deducts a 30-minute meal period during each of Plaintiff and putative class member's shift, regardless of whether they worked during this time or not. Plaintiff and putative class members were often not fully relieved of their job duties and responsibilities and/or worked during such 30-minute meal periods, yet they were not compensated for this time.

23. Defendant was aware it was not compensating Plaintiff and putative class members with all the required FLSA overtime pay

24. Defendant's actions violated the FLSA, 29 U.S.C. § 207(a)(1).

25. Defendant's failure to pay all overtime wages was willful and made with reckless disregard to the FLSA overtime compensation requirements.

26. As a result, Plaintiff and putative class members are owed unpaid overtime compensation as well as other damages.

27. Moreover, Plaintiff was filed for a pretextual reason on or about December 7, 2022.

28. Plaintiff's direct manager informed him that his termination was the result of some food items coming out of the kitchen late.

29. The real reason for his termination was Plaintiff exercising his rights under the FLSA in

this litigation. Others have confirmed this to Plaintiff.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action on behalf of himself and the putative class to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

31. These claims are unified by a common theory of Defendant's FLSA violations.

32. Plaintiff and class members are "similarly situated" as the term for purposes 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay scheme that resulted in a failure to pay Plaintiff and the putative class for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

33. This action is also proper as a collective action because Plaintiff and the putative class are similarly situated to the with respect to Defendant's time keeping, pay practices and, policies.

34. Plaintiff requests this Court to authorize notice to the members of the putative class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b).

35. The precise number of the putative class can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

36. Given the composition and size of the class, members of the putative class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facility.

**COUNT I**
*(Breach Of Contract)*



Case 2:22-cv-00045 Document 16 Filed 12/29/22 Page 5 of 9 PageID #: 44

37. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

38. Plaintiff asserts a breach of contract claim because Defendant entered in to a valid and enforceable wage contract with him pursuant to Tennessee law.

39. As specified above in Paragraph 19, Defendant agreed to pay non-discretionary bonuses and/or shift-differentials, including a bonus for being "called in" or working on a designated "off-day" as well as a promise extra amount for working weekend shifts.

40. However, Defendant breached its obligations under said contract by failing to pay the agreed-upon hourly compensation for all such "bonus" or "shift-differential" work.

41. In the alternative to the breach of contract claim, Plaintiff asserts a quantum meruit/unjust enrichment claim in that he provided valuable services to Defendant, that Defendant accepted and received those services, and that Defendant had reasonable notice that Plaintiff expected additional compensation for said services.

**COUNT III**
*(FLSA Retaliation)*

42. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

43. Plaintiff was unlawfully discharged from his employment with Defendant.

44. Prior to his termination of employment, Plaintiff filed an FLSA collective action lawsuit regarding his employment with Defendant to obtain unpaid overtime compensation.

45. Plaintiff's actions in initiating litigation was a protected activity under 29 § 215(a)(3).

46. Defendant violated 29 U.S.C. § 215(a)(3) by unlawfully retaliating against Plaintiff for engaging in activity protected under the FLSA. Plaintiff engaged in protected activity. Defendant were aware of this protected activity before taking adverse employment actions against Plaintiff. Plaintiff was terminated. Plaintiff's termination was causally connected to and because he engaged in protected activity. Defendant's stated reasons for

Plaintiff's termination were a pretext for unlawful retaliation.

47. As a result of Defendant's conduct, Plaintiff has suffered monetary damages (lost wages both past and future), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages.

48. Defendant's conduct was willful and/or in reckless disregard for Plaintiffs' rights.

**COUNT III**
*(FLSA Overtime)*

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

50. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

51. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

52. Through its actions, plans, and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and the putative class at one and-one half times their regular hourly rates of pay for all hours worked in excess of forty (40) per week.

53. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

54. The FLSA claims of Plaintiff and the putative class are unified by a common theory of Defendant's FLSA violations.

55. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the putative class have suffered and will continue to suffer a loss of income and other damages.

56. Therefore, Defendant is liable to Plaintiff and the putative class for actual damages,

liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and those who opt-in all unpaid overtime compensation;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and those who opt-in liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and those who opt-in reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

j) An award of all contract damages owed to Plaintiff;

k) An award to Plaintiff damages for Defendant's retaliatory action against him in violation of 29 § 215(a)(3); and

l) Provide additional general and equitable relief to which Plaintiff and the putative class may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues

Dated: December 29, 2022.

Respectfully Submitted,


*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS***


**CERTIFICATE OF SERVICE**

I hereby certify that I have this the 29th day of December, 2022, electronically filed the foregoing Amended Complaint with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

C. Thomas Miller (TN Bar No.: 037268)
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
(270) 443-4516
(270) 442-8247 fax
tmiller@whitlow-law.com